# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL TAMAYO TORRES, Jr., CDCR #V-12118,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MIKE EVANS, Warden, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.   08-0990 IEG (AJB)<br><br>**ORDER:**<br><br>**(1)   DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1); and**<br><br>**(2)   DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT**<br>**[Doc. No. 2]** |

　　　　Plaintiff, a state inmate currently incarcerated at Salinas Valley State Prison located in Soledad, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. §1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No 2].

////

////

**I.    Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

Plaintiff's instant Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it appears to be duplicative of a case Plaintiff is already litigating. Plaintiff's Complaint contains identical claims that are found in *Torres v. Evans, et al.*, S.D. Cal. Civil Case No. 08cv0761 BEN (NLS). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff is already litigating the same claims presented in the instant action in *Torres v. Evans, et al.*, S.D. Cal. Civil Case No. 08cv0761 BEN (NLS), the Court hereby **DISMISSES** Civil Case No. 08cv0990 IEG (AJB) pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

**II.   Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's Complaint in Civil Case No. 08cv0990 IEG (AJB) is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

////

**IT IS FURTHER ORDERED** that:

(2)     Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED** as moot. The Clerk shall close the file.

**IT IS SO ORDERED.**

**DATED:  June 20, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**